CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

04/28/2019
JULIA C. DUDLEY, CLERK
BY:    s/ F. COLEMAN
DEPUTY CLERK

## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## LYNCHBURG DIVISION

TERESA MOREY,

                              Plaintiff,

v.                                                  Case No.   6:19CV00024

AVANTE AT LYNCHBURG, INC.,                          DEMAND FOR JURY TRIAL
SERVE: Corporation Service Company, Registered Agent
       100 Shockoe Slip, 2nd Floor
       Richmond, VA 23219

AVANTE GROUP, INC.,
SERVE: Corporation Service Company, Registered Agent
       100 Shockoe Slip, 2nd Floor
       Richmond, VA 23219

CURIS AT LYNCHBURG OPCO, LLC,
d/b/a CURIS AT LYNCHBURG NURSING AND
REHABILITATION CENTER
SERVE: Cogency Global Inc., Registered Agent
       250 Brown Hills Ct.
       Midlothian VA 23114

CURIS AT LYNCHBURG PROPCO, LLC,
SERVE: Cogency Global Inc., Registered Agent
       250 Brown Hills Ct.
       Midlothian VA 23114

CURIS HEALTH SYSTEMS, LLC,
SERVE: Cogency Global Inc., Registered Agent
       250 Brown Hills Ct.
       Midlothian VA 23114

SENTOSACARE, LLC,
SERVE: Wherever Found

                              Defendants.

## COMPLAINT

Plaintiff Teresa Morey ("Morey" or "Plaintiff"), by and through undersigned counsel, hereby complains as follows against Defendants Avante at Lynchburg, Inc.; Avante Group, Inc. (individually or collectively, "Avante" or the "Avante Defendants"); and Curis at Lynchburg Opco, LLC; Curis at Lynchburg Propco, LLC; Curis Health Systems, LLC; and SentosaCare, LLC (individually or collectively, "Curis" or the "Curis Defendants").

## SUMMARY OF ACTION

1.      Plaintiff brings this action to redress violations by Defendants of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA"), the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.* ("FMLA"), and related state law claims. Specifically, Plaintiff alleges:

(a) The Avante Defendants discriminated against Plaintiff due to her sex, subjected her to sexual harassment, including sexual battery and assault, and a to hostile work environment due to her sex, and failed to take corrective action despite her repeated pleas for protection;

(b) the sexual harassment, battery, and assault that Morey experienced rendered her working conditions intolerable and caused her to suffer severe psychological injuries, requiring her to take medical leave;

(c) while Morey was on medical leave, the Curis Defendants replaced Avante as the employer at her worksite; and

(d) Curis discriminated against Morey on the basis of disability and/or retaliated against Morey for exercising her rights under the ADA and/or the FMLA and/or interfered with Morey's exercise of her FMLA rights by terminating or denying her

employment because she was disabled and needed medical leave for the injuries caused by the sexual harassment, battery, and assault.

2.      In short, Avante rendered Morey disabled by subjecting Morey to sexual harassment, battery, and assault, which required her to take medical leave, and Curis terminated Morey or denied Morey employment because she was disabled and on medical leave.

## JURISDICTION AND VENUE

3.      This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims herein arise under laws of the United States. This Court further has subject matter jurisdiction over the claims raised herein pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5; Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12117(a); the Family and Medical Leave Act, 29 U.S.C. § 2617; and pursuant to the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

4.      This Court has subject matter jurisdiction over the attendant state law claims pursuant to 28 U.S.C. § 1367.

5.      This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice.

6.      Venue is proper in this judicial district under 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(f)(3). Plaintiff was employed by or denied employment by Defendants in this judicial district; Defendants are located in this district; Plaintiff's personnel records are maintained by Defendants in this district; the unlawful employment practices at issue occurred in this district;

and/or a substantial part of the events or omissions giving rise to her claims occurred in this judicial district.

<u>**INTRADISTRICT ASSIGNMENT**</u>

7.      Venue is proper in the Lynchburg Division under Local Rule 2(b) because Defendants employed Plaintiff or denied Plaintiff employment in this division, and a substantial part of the events or omissions that gave rise to this action occurred in this division.

<u>**PARTIES**</u>

8.      Plaintiff Teresa Morey is a female resident of Virginia and a citizen of the United States. From approximately April 1, 2017 through May 31, 2018, Plaintiff worked as a nurse for Avante at a medical facility in Lynchburg, Virginia (the "Lynchburg Facility" or the "Facility"). On or about June 1, 2018, Curis replaced Avante as the employer of nurses and other staff and provider of nursing services at the Facility. At that time, Morey was on medical leave receiving treatment for the psychological injuries caused by sexual harassment, battery, and assault described herein. Other Avante nurses and staff who were not disabled and not on medical leave had their employment at the Facility transitioned from Avante to Curis with no break in employment. These employees continued to work at the Facility under Curis performing the same jobs at the same worksite with the same personnel and the same equipment and providing the same services as they had under Avante with complete continuity of business operations. However, Curis refused to allow Morey to continue her employment under Curis because she was on medical leave at the time of the transition from Avante to Curis at the Facility.

9.      At all relevant times, Plaintiff was an employee of Defendants within the meaning of 42 U.S.C. § 2000e(f) and 42 U.S.C. § 12111, and an eligible employee under 29 U.S.C. § 2611(2).

10.     Defendant Avante at Lynchburg, Inc. is a Virginia corporation with its principal office located at 2081 Langhorne Road, Lynchburg, VA 24501 (a.k.a. the "Lynchburg Facility" or the "Facility").

11.     Defendant Avante Group, Inc. is a Florida corporation, authorized to do business in Virginia, with its principal office at 4601 Sheridan Street, Ste 500, Hollywood, Florida 33021.

12.     At all relevant times, Avante at Lynchburg, Inc. and Avante Group, Inc. were joint employers of Morey. At all relevant times, Avante at Lynchburg, Inc. and Avante Group, Inc., together with Avante Group, Inc.'s other divisions or entities, were a single, integrated employer of Morey. Upon information and belief, Avante Group, Inc. owns and operates Avante at Lynchburg, Inc. from its corporate headquarters in Florida. Avante at Lynchburg, Inc. is an entity created by Avante Group, Inc. to provide nursing services at the Lynchburg Facility, where Morey worked. At all relevant times, Avante Group, Inc. controlled and had the right to control Avante at Lynchburg, Inc. and the employees who worked at the Lynchburg Facility and made personnel decisions regarding Morey and other Avante employees working at the Lynchburg Facility. At all times relevant, Avante Group, Inc. had the power to stop the sexual harassment, assault, and battery that Morey suffered at its Lynchburg Facility. At all relevant times, Avante Group, Inc. knew or should have known about the sexual harassment, assault, and battery that Morey suffered, but did nothing to stop the harassment, assault, and battery or otherwise protect Morey.

13.     Defendant Curis at Lynchburg Opco, LLC is a Delaware limited liability company, authorized to do business in Virginia, with its principal office located at 945 Broadway, Woodmere, NY 11598. This Defendant provides nursing services at the Lynchburg

Facility where Morey worked. This Defendant hires and employs workers to provide nursing services at the Facility and made the decision to fire or not hire Morey.

14.     Defendant Curis at Lynchburg Propco, LLC is a Delaware limited liability company, authorized to do business in Virginia, with its principal office located at 945 Broadway, Woodmere, NY 11598. This Defendant provides nursing services at the Lynchburg Facility where Morey worked. This Defendant hires and employs workers to provide nursing services at the Facility and made the decision to fire or not hire Morey.

15.     Defendant Curis Health Systems, LLC is a Delaware limited liability company, authorized to do business in Virginia, with its principal office located at 945 Broadway, Woodmere, NY 11598. This Defendant provides nursing services at the Lynchburg Facility. This Defendant hires and employs workers to provide nursing services at the Facility and made the decision to fire or not hire Morey.

16.     Upon information and belief, Defendant SentosaCare, LLC is a New York limited liability company with its principal offices located at 100 Daniel Drive, Webster, NY 14580 and/or 20 Franklin Place, Woodmere, NY 11598 and/or 1050 Central Avenue, Woodmere, NY 11598. Upon information and belief, SentosaCare, LLC owns and operates the "Curis at Lynchburg" and "Curis Health Systems" Defendants from its corporate headquarters in New York. The "Curis at Lynchburg" and "Curis Health Systems" Defendants are entities created by SentosaCare, LLC to provide nursing services at the Lynchburg Facility where Morey worked. Upon information and belief, at all relevant times, SentosaCare, LLC controlled and had the right to control the "Curis at Lynchburg" and "Curis Health Systems" Defendants and the employees who worked at the Lynchburg Facility and made personnel decisions regarding Morey and other employees or prospective employees at the Lynchburg facility. This Defendant hires and

employs workers to provide nursing services at the Facility and made the decision to fire or not hire Morey.

17.     In refusing to allow Morey to continue her employment under Curis upon the transition from Avante to Curis at the Lynchburg Facility, the Curis Defendants acted as joint employers with respect to Morey. In refusing to allow Morey to continue her employment under Curis upon the transition from Avante to Curis at the Lynchburg Facility, the Curis Defendants (together with other Curis divisions or entities) acted as a single, integrated employer with respect to Morey.

18.     Curis's reason for refusing to allow Morey to continue her employment under Curis was that, at the time of the transition from Avante to Curis, Morey was on medical leave.

19.     Upon information and belief, Curis is a successor in interest to Avante. To the extent Curis is a successor in interest to Avante, Curis is responsible (jointly and severally with Avante) for Avante's unlawful conduct with respect to Morey, as well as for Curis' own ADA and FMLA violations.

20.     At all times relevant, each Defendant has continuously been an employer engaged in an industry affecting commerce pursuant to 42 U.S.C. § 2000e(b).

21.     Each Defendant is an employer within the meaning of the ADA.

22.     At all times relevant, each Defendant has been a person engaged in an industry affecting commerce who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year, or an agent of such person.

23.     Each Defendant is an employer with the meaning of the FMLA.

24.     At all times relevant, each Defendant has been a person engaged in commerce or in any industry or activity affecting commerce who employs 50 or more employees for each

working day during each of 20 or more calendar workweeks in the current or preceding calendar year.

25.     Each Defendant has had fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year.

26.     Each Defendant has had more than 500 employees in each of twenty or more calendar weeks in the current or preceding calendar year.

27.     Each Defendant has had more than 200 and fewer than 501 employees in each of twenty or more calendar weeks in the current or preceding calendar year.

28.     Each Defendant has had more than 100 and fewer than 201 employees in each of twenty or more calendar weeks in the current or preceding calendar year.

29.     Each Defendant has had more than 14 and fewer than 101 employees in each of twenty or more calendar weeks in the current or preceding calendar year.

30.     At all relevant times, each Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant in the course and scope of their employment with Defendant.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

31.     On or about July 30, 2018, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (the "EEOC") against the Avante Defendants concerning the facts described in this Complaint. The charge was assigned a charge number of 438-2018-01525. On October 11, 2018, Plaintiff filed an amended charge of discrimination against the Avante Defendants (the "Avante Charge").

32.     The Avante Charge alleged, inter alia, that the Avante Defendants discriminated against Plaintiff because of her sex, subjected her to a hostile work environment based on sex,

retaliated against her for engaging in protected activity by reporting the harassment she suffered, all in violation of Title VII, and discriminated against Plaintiff on the basis of disability, in violation of the ADA.

33.     On January 31, 2019, the EEOC issued a Notice of Suit Rights regarding the Avante Charge. Plaintiff sufficiently exhausted all available administrative remedies on her claims against the Avante Defendants as the EEOC issued the dismissal and Notice of Suit Rights concerning these claims and Plaintiff received that notice fewer than 90 days before the filing of this action. A copy of the Notice of Suit Rights as to the Avante Charge is attached hereto as Exhibit 1.

34.     On November 23, 2018, Plaintiff filed a charge of discrimination with the EEOC against the Curis Defendants concerning the facts described in this Complaint. The charge was assigned a charge number of 438-2019-00280 (the "Curis Charge").

35.     The Curis Charge alleged, inter alia, that the Curis Defendants discriminated against Plaintiff because of sex, subjected Plaintiff to a hostile work environment based on sex, and retaliated against Plaintiff for reporting protected activity, in violation of Title VII, and discriminated against Plaintiff on the basis of disability, in violation of the ADA.

36.     On January 31, 2019, the EEOC issued a Notice of Suit Rights regarding the Curis Charge. Plaintiff sufficiently exhausted all available administrative remedies on her claims against the Curis Defendants as the EEOC issued a dismissal and Notice of Suit Rights concerning these claims and Plaintiff received that notice fewer than 90 days before the filing of this action. A copy of the Notice of Suit Rights as to the Curis Charge is attached hereto as Exhibit 2.

## FACTUAL BACKGROUND

37.     Morey began working for Avante at the Lynchburg Facility on or about April 1, 2017 through a staffing company. From the beginning of her employment until approximately November 2018, Morey received her paychecks from the staffing company while Avante exercised complete control over the terms and conditions of her work and employment. From approximately November 2018 until the end of her employment, Morey received her paychecks from Avante. Throughout the entire period that Morey worked for Avante at the Lynchburg Facility — approximately April 1, 2017 through the end of May, 2018 — Avante exercised control over the terms and conditions of Morey's employment.

38.     At all relevant times, Morey's direct supervisor was Avante's Director of Nursing, Joy Magnan.

39.     Throughout her employment, Morey worked hard, performed to a high standard, and (until she began complaining about sexual harassment) received positive performance reviews. For example, Morey's second-line supervisor, Nathan Labassi, continually praised Morey's work both in her management of staff and her care of patients.

40.     On or about January 22, 2018, Avante hired Frank Popa to work at the Facility as the Staffing Development Coordinator. Almost immediately, Popa began sexually harassing members of the female staff, including Morey.

41.     Popa was a higher-ranking Avante employee than was Morey.

42.     On his first day at Avante, Popa established a habit of standing close to Morey and putting his hand on her shoulders. This behavior was unwelcome.

43.     Two to three days after he started working at Avante, Popa escalated his behavior and began moving his hand up and down Morey's back and rubbing her buttocks.

44.     On or about February 1, 2018, Morey reported Popa's behavior to her direct supervisor and Avante's Director of Nursing, Joy Magnan. Magnan advised Morey to tell Popa his behavior was making her uncomfortable and to ask him to stop.

45.     Accordingly, the next day, February 2, when Popa again inappropriately touched Morey, Morey did as Magnan had advised: she told Popa to stop, and again reported his behavior to her supervisor Magnan. At this point Magnan also requested that Morey submit to her a written a statement about Popa's actions. Morey wrote that statement the same day and gave it to Magnan.

46.     Despite Morey's clear statements to Popa and Magnan that Popa's conduct was unwanted, Popa did not stop sexually harassing Morey. On the contrary, he became more aggressive. Morey tried to avoid him whenever possible, but on or about February 5, Popa entered Morey's office and moved so close to Morey that when she looked up from her work, Popa's lips nearly touched hers. Surprised, Morey pulled back quickly from Popa and subsequently spoke to Magnan about the incident. Magnan had actually witnessed the incident herself and provided a statement to Labassi describing Popa's behavior toward Morey. Despite this, no action was taken to protect Morey from Popa's harassing behavior.

47.     Emboldened by Avante's failure to intervene and protect Morey, Popa's conduct became increasingly predacious. These are just a few examples:

> A) on February 14, in Morey's office, Popa groped Morey's breasts;
>
> B) on February 23, outside an office hallway, Popa grabbed Morey's buttocks;
>
> C) on March 1, in Magnan's office, Popa reached between Morey's legs and grabbed her buttocks;
>
> D) on March 8, near the office printer, Popa forcefully grabbed Morey's breasts;

> E) on March 14, in a Twin Lakes medicine room, Popa groped Morey's vaginal area through her clothes;
>
> F) on March 23, Popa approached Morey from behind and began massaging her lower back; and
>
> G) on April 6, Popa cornered Morey in a basement supply room and pushed himself against her; Morey asked him to move but he refused. Morey only escaped by pushing past him and leaving the room.

48.     After each assault, Morey indicated to Popa that his conduct was unwanted and reported his actions to her supervisors, including Magnan, Labassi, and Tammy Robbins in Avante's Human Resources Department. Morey also forwarded her complaints to the appropriate authorities at Avante's corporate offices in Florida.

49.     In response, an Avante corporate representative, who spoke to Morey at Avante Lynchburg with Magnan present, told Morey that, "This was the South" and that Popa's behavior was normal in the South where "people talk with their hands." This was just one of the excuses that the corporate representatives gave for doing nothing to help Morey.

50.     Although Morey and Magnan filed multiple detailed formal complaints about Popa's unceasing sexual harassment, Popa faced no discipline and management took no efforts to attempt to correct his behavior or to separate him from Morey. Instead, management began to retaliate against Morey, compounding the severe harm it had already done.

51.     In short, Morey repeatedly reported Popa's sexually terrifying groping and degrading behavior throughout Popa's ongoing campaign of harassment, to numerous of her superiors and Human Resources. Yet no action was taken to stop Popa or protect Morey from his harassment.

52.     In addition, Avante knew and/or should have known about Popa's harassment from other sources. Yet no action was taken to stop Popa or protect Morey from his harassment.

53.     Popa's sexually harassing conduct was offensive and unwelcome. Popa's actions made Morey feel terrified, disgusted, and humiliated.

54.     On March 23, Morey went to Labassi to again complain in person of Popa's actions and to request that something be done. Labassi responded by telling Morey he was aware of the situation, adding, "You are aware he outranks you, right?" Afterward, when Morey protested that rank should not matter and again informed Labassi that Popa had been sexually harassing her, Labassi ended the conversation and dismissed her.

55.     Following this conversation, Labassi not only continued doing nothing to assist Morey but began actively retaliating against her. First, he told Magnan that if Morey did not return to school and enroll in a program for further education that Morey would be demoted and have her pay cut. Labassi falsely claimed that if Morey did not do this she would be in violation of an employment contract. Then, for the first time, Labassi began to criticize Morey's work, telling her she was "not approachable" and that "people" had complained that Morey had been "rude" to them. Throughout this time, Labassi continued to take no action against Popa or to ensure Morey's safety. Disturbingly, after Labassi learned of Morey's complaints, Labassi repeatedly created situations in which Morey was required to be alone with Popa.

56.     On April 13, Morey again went to Human Resources Representative Robbins to complain about the sexual harassment and sexual assaults she was enduring. Rather than take any action, Robbins accused Morey of behaving and dressing in a manner that invited Popa to grope her. In fact, Morey dressed and behaved professionally at all times, and did not give anyone permission to grope or sexually assault her, explicitly or by implication.

57.     On April 18, Labassi issued Morey a formal (and false) written reprimand for "stealing time." The reprimand criticized Morey for not using the time clock appropriately, although Morey had previously told Labassi that the time clock was not functioning properly. Furthermore, Morey had requested and been approved to take off the time in question to attend a doctor's appointment.

58.     Popa's ceaseless sexual harassment, assault, and battery, as well as Avante's refusal to protect Morey despite her repeated pleas for protection, caused Morey stress so severe that it caused mental disabilities, including but not limited to acute stress disorder, post-traumatic stress disorder, major depressive disorder, insomnia, and panic attacks, which required Morey to take leave from work. As a result of the extreme stress she experienced, Morey's hair began falling out.

59.     On or about April 23, 2018, Morey requested leave and Avante initially allowed Morey 30 days of leave, which began on April 24, 2018. At the end of the 30-day period, however, Morey's doctor ordered Morey to take an additional 30 days of leave.

60.     At some time in late May 2018, the Facility where Morey worked and/or the contract for provision of nursing services at the Facility was transferred or otherwise transitioned from Avante to Curis. As a result, Curis became the employer at the Facility where Morey worked. Other nurses and employees who were not disabled and not on medical leave had their employment transitioned from Avante to Curis. But Morey was informed that if she did not return to work by May 31, 2018, she would be fired by Curis because she was on medical leave.

61.     Because Morey was disabled due to the sexual harassment she experienced, she was unable to return to work by May 31. Accordingly, on May 31, her employment was terminated.

62.     As a result of Defendants' actions, Plaintiff has suffered damages.

### COUNT I[1]
### Violations of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e–2(a)(1)
### Sex Discrimination / Harassment — Hostile Work Environment
### (Avante Defendants)

63.     The foregoing paragraphs are incorporated herein as if set forth in full.

64.     Plaintiff was subjected to severe and/or pervasive sexual harassment and a sexually hostile work environment that was both offensive and unwelcome.

65.     The offensive and unwelcome conduct was based on Plaintiff's sex.

66.     The offensive and unwelcome conduct was sufficiently severe and/or pervasive to alter Plaintiff's conditions of employment and to create a hostile and abusive work environment.

67.     The offensive and unwelcome conduct is imputable to Avante.

68.     Avante failed to remedy the sexual harassment and sexually hostile work environment to which Plaintiff was exposed.

69.     Any reasonable person would have felt that Plaintiff was being subjected to sexual harassment and/or a sexually hostile work environment due to Popa's sexually offensive groping and behavior against her, and by Avante's conduct in failing to effectively remedy the sexual harassment/sexually hostile work environment.

70.     Avante knew or should have known about the sexual harassment and failed to take effective action to stop it.

---

[1] All captions or headings used herein are for organizational purposes only and should not be construed as limiting the scope of any claims.

71.     Avante's actions as set forth above constitute violations of Title VII of the Civil Rights Act of 1964, and have caused Plaintiff to suffer damages, including lost past and future wages, emotional distress damages, and other damages.

72.     To the extent Curis is a successor in interest to Avante, Curis is responsible (jointly and severally with Avante) for Avante's unlawful conduct with respect to Morey, as well as for Curis' own ADA and FMLA violations.

## COUNT II
## Battery, Virginia Common Law
## (Avante Defendants)

73.     The foregoing paragraphs are incorporated herein as if set forth in full.

74.     Popa made an intentional, unlawful, harmful, and offensive sexual contact with and on the person of Plaintiff including, but not limited to, sexually groping Plaintiff.

75.     Popa's sexual contact with and on Plaintiff's person was unwanted, unconsented to, unexcused, and unjustified.

76.     The Avante Defendants knew and/or should have known about Popa's behavior, yet refused to do anything to address it.

77.     At all times relevant, Popa was employed by Avante. At all times relevant, Popa was an agent of Avante and was acting within the scope of that agency.

78.     As Popa was Avante's agent, servant and employee, Avante is vicariously liable for Popa's wrongful conduct and Morey's resulting injuries and damages.

79.     As a direct and proximate result of the wrongful conduct of Popa and the Avante Defendants, Plaintiff suffered great mental anguish, pain and suffering, humiliation and shame, damage to her career and professional reputation and other damages, lost wages, and incurred medical and legal expenses.

80.     The conduct of Popa and the Avante Defendants was willful, wanton, malicious, and oppressive, entitling Plaintiff to an award of exemplary and punitive damages in an amount sufficient to deter future similar conduct by Defendants and their agents and others in the future.

81.     Avante's actions as set forth above have caused Plaintiff to suffer damages.

82.     To the extent Curis is a successor in interest to Avante, Curis is responsible (jointly and severally with Avante) for Avante's unlawful conduct with respect to Morey, as well as for Curis' own ADA and FMLA violations.

## COUNT III
## Assault, Virginia Common Law
## (Avante Defendants)

83.     The foregoing paragraphs are incorporated herein as if set forth in full.

84.     Popa's actions toward Plaintiff were intended to cause Plaintiff to feel apprehension of a harmful or offensive contact with or on her person.

85.     That apprehension of a harmful and offensive contact caused Plaintiff to suffer harm and injury.

86.     Plaintiff suffered damages thereby as set forth herein.

87.     The Avante Defendants knew and/or should have known about Popa's behavior, yet refused to do anything to address it.

88.     At all times relevant, Popa was employed by Avante. At all times relevant, Popa was an agent of Avante and was acting within the scope of that agency.

89.     As Popa was Avante's agent, servant and employee, Avante is vicariously liable for Popa's wrongful conduct and Morey's resulting injuries and damages.

90.     As a direct and proximate result of the wrongful conduct of Popa and the Avante Defendants, Plaintiff suffered great mental anguish, pain and suffering, humiliation and shame,

damage to her career and professional reputation and other damages, lost wages, and incurred medical and legal expenses.

91.     The conduct of Popa and the Avante Defendants was willful, wanton, malicious, and oppressive, entitling Plaintiff to an award of exemplary and punitive damages in an amount sufficient to deter future similar conduct by Defendants and their agents and others in the future.

92.     Avante's actions as set forth above have caused Plaintiff to suffer damages.

93.     To the extent Curis is a successor in interest to Avante, Curis is responsible (jointly and severally with Avante) for Avante's unlawful conduct with respect to Morey, as well as for Curis' own ADA and FMLA violations.

### COUNT IV
### Violations of Title VII, 42 U.S.C. §§ 2000e–2(a)(1)
### Constructive Discharge
### (Avante Defendants)

94.     The foregoing paragraphs are incorporated herein as if set forth in full.

95.     Avante knowingly subjected Morey to a sexually hostile work environment and repeated sexual battery, despite her repeated requests for protection, which Avante knowingly ignored.

96.     In so doing, Avante deliberately subjected Morey to intolerable working conditions.

97.     As a result of Avante's actions and inactions, Morey suffered severe psychological injuries. These injuries required her to take unpaid medical leave from her employment due to the intolerable working conditions.

98.     When Morey went out on medical leave beginning on or about April 23, 2018, she was unable to work at Avante because of the intolerable working conditions and the injuries they caused.

99.     By the last day Morey worked for Avante, her working environment had become so intolerable that her leaving Avante was a fitting response. *See Pennsylvania State Police v. Suders*, 542 U.S. 129, 134 (2004).

100.    As a result of leaving Avante due to the intolerable working conditions, Morey was unable to continue her employment with Curis, as Curis did not allow her to transition to Curis due to the fact that she was on medical leave and unable to work at the time of the transition. *See, e.g.*, *White v. Honeywell, Inc.,* 141 F.3d 1270, 1279 (8th Cir. 1998) (An employee is constructively discharged, for purposes of Title VII, where intolerable working conditions force employee into unpaid medical leave of absence from which he or she is unable to return).

101.    Accordingly, Avante constructively discharged Morey in violation of 42 U.S.C. § 2000e–2(a)(1).

102.    By constructively discharging Morey, Avante has caused her to suffer damages.

103.    To the extent Curis is a successor in interest to Avante, Curis is responsible (jointly and severally with Avante) for Avante's unlawful conduct with respect to Morey, as well as for Curis' own ADA and FMLA violations.

<u>**COUNT V**</u>
<u>**Violations of Title I of the Americans with Disabilities Act**</u>
<u>**Disability Discrimination**</u>
<u>**(Curis Defendants)**</u>

104.    The foregoing paragraphs are incorporated herein as if set forth in full.

105.    At all times relevant, Plaintiff's psychological injuries and/or being regarded as having psychological injuries and/or having a record of psychological injuries rendered her an individual with a disability under the ADA.

106.    At all times relevant, Defendants had notice of Plaintiff's disability.

107.    At all times relevant, Plaintiff was perceived by Defendants to be suffering from a disability.

108.    At all times relevant, Plaintiff was perceived by Defendants as having a record of a disability.

109.    Plaintiff asked Defendants for a reasonable accommodation of her disability, in the form of temporary leave (extending past May 31, 2018) to seek medical attention and heal.

110.    Defendants could have provided the requested accommodation without incurring any undue hardship.

111.    The Curis Defendants refused Plaintiff a reasonable accommodation and refused to allow her to continue her employment at the Lynchburg Facility.

112.    By summarily terminating Morey's employment and refusing to allow her to continue working at the Lynchburg Facility, the Curis Defendants denied Morey's request for accommodation without discussing it with her or having a conversation with her about possible reasonable accommodations.

113.    In so doing, Curis (1) summarily denied Morey's request for accommodation without discussing it with her or engaging in any interactive process to identify and implement a reasonable accommodation, and (2) terminated and/or refused to allow Morey to continue her employment because of her disability and/or perceived disability, and/or for having a record of a disability and/or perceived disability.

114.     The Curis Defendants took adverse employment action against Plaintiff by terminating Plaintiff's employment and refusing to allow her to continue her employment at the Lynchburg Facility, while other Avante employees, who did not have disabilities or records of disabilities or were not regarded as having disabilities, were allowed to continue their employment at the Lynchburg Facility under the Curis Defendants.

115.     At the time of Plaintiff's discharge and denial of continued employment, she was performing her job at a level that met the Curis Defendants' legitimate expectations.

116.     The Curis Defendants unlawfully discriminated against Plaintiff by terminating her and/or denying her continued employment, at least in part, on the basis of disability.

117.     The Curis Defendants' actions as set forth above constitute violations of the ADA, and have caused Plaintiff to suffer damages.

**COUNT VI**
**Violations of Title VII of the Americans with Disabilities Act**
**Retaliation**
**(Curis Defendants)**

118.     The foregoing paragraphs are incorporated herein as if set forth in full.

119.     Plaintiff engaged in protected activity by requesting medical leave as a reasonable accommodation for her disability.

120.     The Curis Defendants took adverse employment action against Plaintiff by terminating Plaintiff's employment and refusing to allow her to continue her employment at the Lynchburg Facility, while other Avante employees, who did not request accommodations, were allowed to continue their employment at the Lynchburg Facility under the Curis Defendants.

121.     At the time of Plaintiff's termination, she was performing her job at a level that satisfied Defendants' legitimate expectations.

122.     The Curis Defendants terminated Plaintiffs' employment and/or refused to allow Plaintiff to continue her employment, at least in part, because of Plaintiff's need for accommodation and/or Plaintiff's request for accommodation and/or to prevent her from requesting future accommodations.

123.     But for Plaintiff's protected activity, the Curis Defendants would not have terminated her employment and refused to allow her to continue her employment after the transition from Avante to Curis at the Lynchburg Facility.

124.     The Curis Defendants' actions as set forth above constitute violations of the ADA, and have caused Plaintiff to suffer damages.

**COUNT VII**
**Violations of Family Medical Leave Act (FMLA)**
**Interference — 29 U.S.C. § 2615(a)(1)**
**(Curis Defendants)**

125.     The foregoing paragraphs are incorporated herein as if set forth in full.

126.     Plaintiff was an eligible employee under the definitional terms of the FMLA.

127.     As of April 24, 2018, Plaintiff was employed by the Avante Defendants for at least twelve (12) months. Plaintiff's 12 months of service resulted from her continuously working for Avante through the staffing company for approximately at least 7 months (April 1, 2017 to November 1, 2017) and then continuing to work for Avante without any involvement by the staffing company from approximately another 5 months (November 1, 2017 to April 1, 2018). Avante and the staffing company were joint employers of Morey for the purpose of the FMLA time-in-service and other requirements. *See* 29 C.F.R. § 825.106.

128.     Further, Plaintiff had at least 1,250 hours of service with Avante during the twelve (12) month period preceding April 24, 2018.

129.     Curis was a successor in interest to Avante for the purpose of Morey's FMLA rights. *See* 29 C.F.R. § 825.107. Because Curis was a successor in interest to Avante, Morey's entitlements under the FMLA are the same as if the employment by Avante and Curis were continuous employment by a single employer.

130.     Each Defendant was an employer covered by the terms of the FMLA.

131.     Each Defendant is engaged in an industry affecting commerce and employed fifty (50) or more employees for twenty (20) or more calendar workweeks in 2017 and 2018.

132.     Plaintiff's psychological injuries caused by the sexual harassment and abuse she suffered as described herein constituted a serious health condition.

133.     Plaintiff was entitled to leave under the FMLA.

134.     Plaintiff was entitled to receive leave under the FMLA for a total of twelve (12) workweeks of leave, and Defendants were not permitted to interfere with Plaintiff's exercise of her right to take leave or to retaliate against Plaintiff for exercising her rights under the FMLA.

135.     The Curis Defendants denied Plaintiff FMLA benefits to which she was entitled, including her right to take job-protected leave under the FMLA.

136.     The Curis Defendants interfered with Plaintiff's FMLA rights by firing Plaintiff and/or not allowing Plaintiff to continue her employment at the Lynchburg Facility to prevent her from taking a future FMLA leave of absence.

137.     The Curis Defendants interfered with Plaintiff's FMLA rights by failing to provide her with the mandated individualized notice of her right to take FMLA leave.

138.     As a result of the Curis Defendants' actions as described above, the Curis Defendants violated the FMLA, causing prejudice to Plaintiff and causing Plaintiff to suffer damages.

139.    The Curis Defendants' actions as set forth above constitute violations of the FMLA, and have caused Plaintiff to suffer damages.

## COUNT VIII
### Violations of Family Medical Leave Act (FMLA)
### Retaliation — 29 U.S.C. § 2615(a)(2)
### (Curis Defendants)

140.    The foregoing paragraphs are incorporated herein as if set forth in full.

141.    Defendants retaliated against Plaintiff by firing her and refusing to allow her to continue her employment for requesting and/or taking a leave of absence that was FMLA-qualifying.

142.    Plaintiff engaged in protected activity under the FMLA by requesting and/or taking leave that Defendants should have designated and treated as FMLA-protected leave.

143.    The Curis Defendants terminated Plaintiff and refused to allow her to continue her employment at the Lynchburg Facility, at least in part, in retaliation for taking and/or requesting time off and/or to prevent her from taking future time off that the Curis Defendants should have designated and treated as FMLA-protected leave.

144.    Thus, the Curis Defendants' adverse action of terminating Plaintiff and/or refusing to allow her to continue her employment was causally connected to Plaintiff's protected activities of requesting and/or taking leave that the Curis Defendants should have designated and treated as FMLA-protected leave.

145.    As a result of the Curis Defendants' actions as described above, Defendants violated the FMLA, causing prejudice to Plaintiff and causing Plaintiff to suffer damages.

## DAMAGES

146.    As a result of Defendants' sex discrimination and sexually offensive hostile work environment, assault and battery, disability discrimination, FMLA violations, and other unlawful conduct, Plaintiff has suffered psychological injuries, mental anguish, personal and professional humiliation, emotional distress, loss of enjoyment of life, loss of past and future wages and benefits, curtailment of career opportunities, and other damages.

147.    Defendants' conduct described herein was willful, deliberate, malicious, and outrageous, so as to make an award of punitive damages appropriate.

## PRAYER FOR RELIEF

148.    Accordingly, Plaintiff prays for judgment in her favor and against Defendants, and that this Court enter an Order:

A.    Providing Plaintiff is to receive all relief allowed by law;

B.    Prohibiting Defendants from continuing to maintain their illegal policy, practice, or custom of discriminating against employees based on sex and/or subjecting female employees to a sexually offensive hostile work environment;

C.    Ordering equitable relief of the institution of an anti-discrimination educational program approved by this Court, for all of Defendants' employees, which educational program includes specific and separate components for, and examples of, all types of employment discrimination recognized under federal and Virginia law, including all statutes of limitations and remedies; and including internal-to-Defendants complaint procedures, rights and remedies for claims of discrimination and retaliation, for a period of five years, which internal procedure

includes an optional independent (not controlled by Defendants) hotline for employee discrimination complaints, all paid for by Defendant;

D.   Ordering that the above educational program be provided live, once a year, for five years, for all employees, and a video of that live program shall be made available to each new subsequent hire as part of the orientation training; and, that annual reports attesting to the same be made to this Court, or that a comparable system for annual reporting the same be implemented to monitor Defendants' institution of such educational program;

E.   Ordering that Defendants, on an annual basis, shall distribute a written anti-discrimination policy approved by this Court, along with a fact sheet stating the statutes of limitations for filing with the Equal Employment Opportunity Commission (EEOC) and the Virginia Division of Human Rights, and both agencies' respective phone numbers, email addresses, and postal addresses;

F.   Ordering that Plaintiff is to be awarded lost past and future wages and benefits in an amount to be determined at trial;

G.   Ordering that Plaintiff is to be awarded all medical expenses and all other out-of-pocket costs and expenses she incurred as a result of Defendants' unlawful conduct;

H.   Ordering that Plaintiff is to be awarded damages for emotional distress, humiliation, loss of enjoyment of life, pain and suffering, and/or other compensatory damages in an amount to be determined at trial;

I.   Ordering that Plaintiff is to be awarded punitive damages in an amount to be determined at trial;

J.      Ordering that Plaintiff is to be awarded liquidated damages as allowed by law;

K.      Ordering that Plaintiff is to be awarded the costs and expenses of this action,

including expert witness fees, pre and post judgment interest, and reasonable

attorneys' fees;

L.      Ordering that Plaintiff is to be awarded any and all other equitable and legal relief

allowed by law as the Court deems just and appropriate;

M.      Ordering that Plaintiff's claims are to receive a trial by jury to the extent allowed

by applicable law.

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a jury trial for all

claims and issues so triable.

Respectfully submitted,

TERESA MOREY
By Counsel

Dated: April 28, 2019

/s/Timothy Coffield
Timothy Coffield (VSB 83430)
COFFIELD PLC
106-F Melbourne Park Circle
Charlottesville, VA 22901
p: (434) 218-3133
f: (434) 321-1636
tc@coffieldlaw.com
Counsel for Plaintiff

## CERTIFICATE

I HEREBY CERTIFY that a true and correct copy of the foregoing Complaint will be delivered to a qualified process server with instructions to serve the same upon the Defendants or their authorized agents at the following addresses:

Corporation Service Company
Registered Agent
100 Shockoe Slip
2nd Floor
Richmond, VA 23219
Registered Agent for Avante at Lynchburg, Inc. and Avante Group, Inc.

Cogency Global Inc.
Registered Agent
250 Brown Hills Ct.
Midlothian VA 23114
Registered Agent for Curis at Lynchburg Opco, LLC, Curis at Lynchburg Propco, LLC, and Curis Health Systems, LLC

SentosaCare LLC
Wherever Found


/s/Timothy Coffield
Counsel for Plaintiff