UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

TERESA MOREY,

          Plaintiff,

v.   Case No. 6:19-CV-00024

AVANTE AT LYNCHBURG, INC.,
AVANTE GROUP, INC.,
CURIS AT LYNCHBURG OPCO, LLC,
d/b/a CURIS AT LYNCHBURG NURSING AND
REHABILITATION CENTER
CURIS AT LYNCHBURG PROPCO, LLC,
CURIS HEALTH SYSTEMS, LLC,
SENTOSACARE, LLC,

          Defendants.

**UNOPPOSED MOTION FOR LEAVE TO FILE SECOND AMENDED
COMPLAINT AND MEMORANDUM IN SUPPORT**

Pursuant to Rule 15 of the Federal Rules of Civil Procedure and Paragraph 24 of the Court's June 5, 2019 Pretrial Order (DN 28), Plaintiffs Teresa Morey respectfully moves the Court for leave to file a Second Amended Complaint in this matter, a copy of which is attached hereto as Exhibit 1. In support of this motion, Plaintiffs state as follows:

**BACKGROUND**

The Second Amended Complaint maintains the same claims of sexual harassment, constructive discharge, common law assault/battery, and ADA/FMLA interference/retaliation, and the same basic factual allegations, but accounts for new factual information, obtained through discovery, regarding the denial of job-protected FMLA leave for Morey and a dispute between the Curis Defendants and Avante

Defendants as to which Defendant terminated Morey and the timing of the termination. In light of this additional information, the Second Amended Complaint clarifies that Morey asserts claims of violations of the FMLA and ADA against the Avante Defendants (as well as the Curis Defendants).

For instance, Morey was terminated while on she was on leave receiving treatment for injuries caused by sexual harassment and battery she experienced as an employee of Avante. Discovery has shown that Avante denied Morey job-protected FMLA to which Morey alleges she was entitled, and allowed her only non-job-protected "personal leave." After Morey went out on that leave, Avante transferred the nursing facility where Morey worked to Curis. Employees other than Morey had their employment continued with Curis. Morey initially believed, based on information provided to her by Avante, that Curis terminated her employment upon or after the transition to Curis because she was on leave for medical issues. Discovery has revealed that Curis appears to be asserting a contrary position — that Avante terminated Morey while she was on leave, before the transition to Curis.

Discovery thus appears to show a dispute between the Defendants as to the timing of Morey's termination, and which Defendant was responsible for the termination. If Curis is correct, then it is plausible that Curis never had the opportunity to employee Morey and Avante is to blame for her termination. If Avante is correct, Curis made the decision to terminate Morey, making Curis to blame for her termination. Morey maintains that at least one of the defendants violated her rights under the FMLA and/or ADA, by denying her job-protected FMLA leave and terminating her while she on leave receiving treatment for a known disability.

The Second Amended Complaint accounts for the additional information obtained through discovery by asserting this factual dispute between Defendants, and clarifying that Morey is asserting FMLA and ADA claims against the Avante Defendants (as well as the Curis Defendants). The Second Amended Complaint also corrects some minor typos.

On November 7, 2019, counsel provided defense counsel with a copy of the proposed Second Amended Complaint. Defense counsel subsequently used the proposed Second Amended Complaint as an exhibit at Plaintiff's deposition (i.e. in lieu of the previous version of the Complaint).

On November 18, 2019, counsel for the Curis Defendants (which includes the "SentosaCare" Defendant) indicated by email that the Curis Defendants will not oppose a motion for leave to amend the Complaint. On December 16, 2019, counsel for the Avante Defendants indicated by email that the Avante Defendants will not object to Plaintiff filing an amended Complaint. Thus, counsel for all Defendants have indicated that Defendants will not oppose Plaintiff's motion for file to file the Second Amended Complaint.

**ARGUMENT**

**A.     Plaintiffs have met the standard for obtaining leave to file an amended complaint under Federal Rule of Civil Procedure 15 and Paragraph 24 of the Pretrial Order.**

Pursuant to Fed. R. CIV. P. 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." *See* FRCP 15(a)(2). Paragraph 24 of the Court's Pretrial

Order states, "The court shall consider a party's motion to amend pleadings in accordance with Rule 15 of the Federal Rules of Civil Procedure. Except for good cause shown, any such motion must be filed no later than 45 days from the date of this order.

While the present motion is more than 45 days from the date of the Pretrial Order, Plaintiff believes the new information obtained in discovery, and the fact that trial is still more than eight months away, provide good cause for allowing this proposed amendment.

The decision whether to grant leave to amend a pleading is within the sound discretion of the district court, *Foman v. Davis*, 371 U.S. 178, 182 (1962), but "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Id*. at 182. Therefore, "in the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Id*.

Good cause for granting leave to amend the Complaint is immediately apparent. The Second Amended Complaint provides additional factual detail obtained through discovery and clarifies the scope of the FMLA and ADA claims. Defense counsel used this proposed Second Amended Complaint in questioning Plaintiff at Plaintiff's deposition, instead of using the First Amended Complaint. Counsel for both sets of Defendants have indicated that Defendants will not oppose Plaintiff's motion for leave to file the proposed Second Amended Complaint.

Furthermore, there is no apparent reason for denying the motion to amend, as none of the factors that may militate against it is present in this case. No party would be prejudiced by the amendment, as trial is still more than seven months away. Consistent with the liberal standard that applies to motions to amend under Rule 15(a)(2), the Court should therefore grant Plaintiffs' motion.

Accordingly, in the interest of justice, this Court should grant Plaintiff's motion for leave to file the proposed Second Amended Complaint. The grant of this motion is particularly appropriate here, given the clear absence of any substantial reason to deny leave to amend.

## CONCLUSION

For the reasons identified above, Plaintiff respectfully asks that the Court grant her motion for leave to file the proposed Second Amended Complaint.


Respectfully Submitted,

/s/Timothy Coffield
Timothy Coffield (VA 83430)
COFFIELD PLC
106F Melbourne Park Circle
Charlottesville, VA 22901
P: (434) 218-3133
F: (434) 321-1636
tc@coffieldlaw.com

Counsel for Plaintiff

## CERTIFICATE OF SERVICE

 I hereby certify that on December 17, 2019, I served the foregoing on all counsel of record through the Court's CM/ECF system.

<u>/s/Timothy Coffield</u>
Counsel for Plaintiff